OWEN VS WHITE.

*As to the liability of a parent, for goods furnished his child during minority.*

*As to the sufficiency of evidence in such cases.*

*As to instructing a jury in case of a want of evidence.*

*As to the grounds for reversing judgment, and remanding a cause.*

1. A father is not bound by the contract of the son, even for articles suitable and necessary, unless an actual authority be proved, or the circumstances be sufficient to imply one.

2. Where there is a clear omission of parental duty, in providing for the maintenance of a child, the law subjects the father to the payment for necessaries furnished by a third person, upon the ground, that a' neglect of duty in this behalf, implies an authority to bind the parent.

3. If a father abandon his duty, so that his infant child is forced to leave his house, he is liable for a suitable maintenance ; but where the son voluntarily leaves his father's house, the authority of the father to purchase necessaries, is not implied.

4. Whether the authority of a parent can be inferred from the proof, is a question of fact for the jury.

5. Where no evidence is given from which an authority is inferrible, the Court may instruct the jury, that the case is not made out; but where the slightest testimony is introduced, such instruction should never be given.

6. Where no evidence is given from which the authority of a parent is inferrible, and the Court refuse upon application, to charge the jury to that effect, such refusal is an error, for which the judgment will be reversed and the cause remanded.

In error to Franklin Circuit Court.

This was a case in which the plaintiff below had furnished articles to a son, a minor, a pupil at a literary institution, and sought to charge the father.

The case was tried before a magistrate, who gave judgment for the defendant. The case being removed to the Circuit Court, plaintiff obtained a verdict, whence it was removed to this Court by writ of error.

The bill of exceptions stated—that on the trial of the cause, it was proved by the defendant in error, that the articles sued for were furnished to the son of the plaintiff in error, a youth about eighteen years of age, who was a pupil in a college in the town where defendant in error lived; and that the plaintiff in error lived about eighteen miles from the college.

There was no proof of any authority from the father to contract the account with the defendant in error. Whereupon, the plaintiff in error moved the Court to charge the jury, that under the proof, in this cause, the plaintiff in error was not liable, even for necessaries. Such instruction, the Court refused to give. To which refusal of the Court to charge as aforesaid, plaintiff in error excepted, &c.

*Ormond,* for plaintiff in error.
*Nooe,* contra.

COLLIER J.—This cause was commenced by summons, at the suit of the defendant in error, before a justice of the peace of Franklin county; where a judgment being rendered against him, he appealed to the Circuit Court of that county; and the

case being submitted to a jury, there was a verdict and judgment against the plaintiff in error.

On the trial, a bill of exceptions was sealed by the Judge who presided, as follows: "it was proved by the plaintiff, that the articles sued for, were furnished to the son of the defendant, a youth about eighteen years of age, who was a pupil in a college in the town where the plaintiff lived,—that the defendant lived about eighteen miles from the college. There was no proof of any authority from the father, to contract the account with the plaintiff; whereupon, the defendant moved the Court to charge the jury, that under the proof in this case, the defendant was not liable, even for necessaries; which instruction the Court refused to give. To which refusal of the Court, to charge as aforesaid, the defendant, by his counsel, excepted, &c."

A father is not bound by the contract of his son, even for articles suitable and necessary, unless an actual authority be proved, or the circumstances be sufficient to imply one. So long as the child continues under the direction and control of the father, it is left to the discretion of the parent, to determine what is necessary for him; unless it appear, that there is a clear omission of parental duty, in providing for his maintenance. Where this is the case, the law subjects the father to the payment for necessaries, furnished by a third person, upon the ground, that his neglect to do that, which natural, moral and municipal law, have prescribed as a duty, implies an authority to bind the parent.— (2 Kent's Com. 162.)

If a child leave his father's house, to seek his for-

tune in the world, or avoid domestic discipline and
restraint, or escape from justice, the authority of
the father to purchase necessaries, is not implied.—
But if a father abandon his duty to his infant child,
so that he is forced to leave his house, he is liable
for a suitable maintenance.—And the principle of
the distinction is, that in the one case, the father is
blameless, and in the other, blameable.—(*Angel vs
McLellan*, 16 Mass. 28.)

It is a question of fact, whether the authority of
the parent, can be inferred from the proof, and con-
sequently addresses itself to the jury. But if no
evidence is given, from which an authority is in-
ferrible, and none is in fact, insisted on, there can
be no impropriety in the Judge, in instructing the
jury, that the case is not made out. Such an in-
struction, should however, never be given, where
any testimony, though slight, is introduced.

In the case before us, it is stated that "there
was no proof of any authority from the father
to contract the account with the plaintiff." Here
there is an admission of record, that an indis-
pensible link in the chain of the evidence, was
wanting; and it would have been no usurpation
of power, on the part of the judge, to have charged
the jury, that the testimony did not entitle the de-
fendant in error to a verdict, but a course of pro-
cedure entirely legal.

In the written *suggestions* which have been sub-
mitted to us, by the defendant's counsel, it is said,
that the instructions actually given, were in con-
formity with what we have supposed the law to be.
In reply, it may be observed, that the bill of excep-

tions does not inform us, what instructions were given, but only what was refused.

The charge asked for, considering the insufficiency of the proof, being proper, its refusal is an error, for which the judgment is reversed, and the cause remanded.

HOPKINS, C. J. not sitting.