### EDWARD CARNEY, Respondent, *v.* CHARLES BARRETT, Appellant.

LIABILITY OF A PARENT ON CONTRACTS OF HIS MINOR CHILD.—In general a father is not liable on a contract made by his minor child, even for necessaries furnished, unless an actual authority is proved, or the circumstances be sufficient to imply one.

COURTS MAY MAKE RULES.—Under our system all Courts have certain powers to be exercised for the purpose of methodically disposing of all cases brought before them. They can establish such rules in relation to the details of the business as shall best serve this purpose, having proper regard for the rights of parties litigant, as guaranteed and recognized by the Constitution and the laws.

APPEAL from Multnomah County.

This is an action upon a contract to recover one hundred and five dollars for board and lodging furnished by plaintiff to defendant's infant son for a period of fourteen weeks. The answer admits the defendant's liability for two weeks' board and lodging, and denies as to the remainder of the time, twelve weeks, and pleads a set-off of nineteen dollars and fifty cents, and prays judgment for four dollars and fifty cents, the difference between the value of two weeks' board and nineteen dollars and fifty cents. The set-off is not denied.

Upon the trial the plaintiff was sworn as a witness, and testified that about the 5th day of July, A. D. 1870, plaintiff was and still is the proprietor and keeper of a hotel in the city of Portland, in said county; that on or about said day the defendant, accompanied by his minor son, came to said hotel, and defendant contracted with plaintiff for board and lodging for his said son for the period of one week, defendant agreeing that he would pay for the same; that plaintiff

agreed with defendant to board and lodge said boy a week, and showed defendant a room in said hotel which said boy might occupy, which room was accepted by defendant for the boy, who boarded and lodged with plaintiff for a week, at the expiration of which time defendant called at the hotel and renewed his contract to pay for board and lodging for the boy for another week; and plaintiff accordingly furnished said boy with board and lodging for the second week; that at the expiration of the second week, the defendant called again at the hotel and informed plaintiff that he would not pay or be responsible for the board and lodging of said boy at said hotel any longer; that when said boy came in, plaintiff informed him of what his father had said, and the plaintiff requested the boy to seek accommodations elsewhere, which the boy refused to do; that plaintiff immediately called on defendant and informed him that his son refused to leave the hotel, and requested defendant to come to the hotel and take him away, which defendant declined to do, saying he would not be responsible or pay for his board and lodging any longer, and instructing the plaintiff to put the boy out if he refused to leave the hotel; that plaintiff again informed said boy of what his father had said, and renewed his request to the boy to depart from the hotel, which the boy again refused to do; that plaintiff thereupon called on defendant the second time and apprised him of his son's refusal still to quit the hotel, and again requested defendant to come to the hotel and take his son away, which defendant again declined to do, saying he would not pay for the board and lodging of the boy at said hotel any longer than the two weeks; and defendant instructed plaintiff, if the boy persisted in refusing to quit the hotel, to kick him out; that the boy remained at plaintiff's hotel for fourteen weeks in all, or twelve weeks after defendant refused to be longer responsible for his board and lodging; at the expiration of which time the boy went to Salem to attend the State Fair, and plaintiff availed himself of the opportunity to put another man in the room which had been occupied by the boy, and thus got rid of him; that during the time the boy occupied the room, he

generally carried the key to it in his pocket, but that plaint-
iff had other keys, by means of which the servants obtained
access to the room to clean it up and make the bed; that
board and lodging at said hotel during said fourteen weeks,
was reasonably worth six or seven dollars per week, in gold
coin.    This was all the evidence offered by either party.

In charging the jury the Court instructed the jury, "that
the question of defendant's liability in this action was a
mixed question of law and fact; that it had been argued on
behalf of the plaintiff, that possession of the room by the
defendant's son was possession by the defendant, which
matter the Court left to the jury to inquire of and deter-
mine, as well as the further point, whether or not it was de-
fendant's duty to have gone to the hotel, and have taken
his son away from said hotel; that cases could easily be
imagined where it might become the duty of a person plac-
ing another at a hotel to board and lodge, to take such per-
son away again; as, for instance, if the person so placed in
the hotel were a lunatic, or a helpless invalid.    And that
the Court left it to the jury to determine whether such a
principle of duty were applicable in this case.    And that
the Court also left it to the jury to determine whether the
plaintiff removed defendant's son from said hotel as soon as
he reasonably could after defendant notified plaintiff that
he would not be any longer responsible for the boy's board
and lodging, and would not pay for the same."

And, at the request of plaintiff's counsel, the Court
further instructed said jury as follows, to wit: "If the .
father placed the minor in possession of the premises, the
possession was that of the father and not the son, the son
being the agent of the father so far."    At the request of
defendant's counsel, the Court gave a number of special in-
structions to the jury, but declined and refused to give two
others that were asked, because they had not been submit-
ted to the Court for its inspection at the proper time, in
conformance to a rule of practice heretofore adopted by the
Court, requiring all written special instructions desired
by either party to be submitted for inspection prior to the
commencement of the final address of counsel holding the

affirmative of the issues before the jury. To this ruling counsel duly excepted, and the exception was allowed. The jury found a verdict for the plaintiff, and judgment was rendered thereon.

*Bronaugh & Catlin*, for Appellant.

*O. P. Mason and Charles Gardner*, for Respondent.

By the Court, McArthur, J.:

Commercial communication with infants has been productive of much litigation, and hence we find abundant authority to guide us to a correct conclusion in the case now in hand.

The evidence shows that after the expiration of the contract between the plaintiff and the defendant, the plaintiff allowed the defendant's minor son, Arthur, to board and lodge at his hotel for a period of twelve weeks, notwithstanding the defendant informed him that he would not be responsible for said son's board and lodging, and the plaintiff, assuming the legal liability of the defendant therefor, seeks to recover reasonable compensation for the entertainment furnished.

In general, a father is not liable on a contract made by his minor child, even for necessaries furnished, unless an actual authority is proved or the circumstances be sufficient to imply one. (*Varney* v. *Young*, 11 Vermont, 258; *Hunt* v. *Thompson*, 3 Scammon, 179; *Angel* v. *McLellan*, 16 Mass. 28; *Van Valkinburgh* v. *Watson*, 13 Johns. 480; *Owen* v. *White*, 5 Porter, 435; *Gordon* v. *Potter*, 17 Vermont, 350; *Raymond* v. *Loyl*, 10 Barbour, 483.)

Actual authority is not claimed, but it is urged that the circumstances of the case raise the implication of the defendant's liability for the necessaries furnished.

The most favorable construction for the plaintiff that can be put upon the testimony flatly negatives any such implication.

From all the facts in the case, we are of opinion that after the expiration of the contract between the plaintiff and de-

fendant, and after the notification of the defendant, he would not be responsible for the further entertainment of his son. It was the duty of the plaintiff to have closed his doors to the son, unless indeed he relied upon the son's capacity and intention to compensate him.     Under some circumstances a disregard of this duty has been deemed good ground for an action of damages against the innkeeper for harboring the infant.     (*Everett* v. *Sherfey*, 1 Iowa, Clark, 356, 364; 2 Hilliard on Torts, 520.)

In the case in hand the father was under no obligation to remove the son, as he would have been had the son been a lunatic, a helpless invalid, or an infant of tender years, and placed at the hotel by the father's authority, or under circumstances sufficient to imply his authority.     Instead of being a lunatic, a helpless invalid or an infant of tender years, it *seems* that the son Arthur was at the time a youth bordering upon the verge of manhood and in perfect health, so as to be able to support himself by his own industry. This fact affords additional reason why the defendant should not be held liable for his maintenance.     As the general instructions of the Court below were based upon conclusions at variance with our views as just indicated, they were, therefore, erroneous.

The refusal to give the jury several special instructions requested by the appellant's counsel, upon the ground that they were presented too late under a rule of Court, is charged as error.     It appears that a rule has been formally adopted by the Circuit Court of the State of Oregon for the county of Multnomah, requiring counsel in a cause, when they desire special instructions to be given to the jury, to present the same in writing to the Judge before the last address of counsel to the jury.     The power and authority of the Court to make such rule is denied by counsel, hence the refusal to give the desired instructions is charged as error.     Under our system all Courts have certain inherent powers to be exercised for the purpose of methodically disposing of all cases brought before them.     They can establish such rules in relation to the details of business as shall best serve this purpose, having proper regard for the rights

of parties litigant as guaranteed and recognized by the Constitution and the laws. This principle is recognized in 3 Binney, 417, and 2 Sergeant & Rawle, 253, the decisions in which cases are approvingly referred to in 2 Reed's Blackstone, 439–40. We cannot discover that it conflicts with any provision of our Code. Indeed, we think it a salutary rule, and one well calculated to suppress that loose system in submitting special instructions which has heretofore prevailed to a greater or less degree in all the Courts of the State, to the annoyance and embarrassment of both the bar and the bench.

The Court below, at the request of the respondent's counsel, instructed the jury that "if the father placed the minor in possession of the premises, the possession was that of the father and not of the son—the son being the agent of the father so far." The application of the principles of the law of agency to cases of this kind is recognized in some instances and to a limited extent in many English and in some American cases. (1 Parsons on Contracts, 300.) In this case, however, the instruction was calculated to mislead the jury, for the evidence shows that the appellant, after the expiration of the second week, called upon the respondent and distinctly told him that he would not pay or be responsible for the board and lodging of his son at the hotel any longer. The contract between the respondent and appellant expired at the end of the second week. Up to and including that time the appellant was willing to pay for his son's entertainment; beyond that time he was not, and so informed the respondent. It was then the duty of the innkeeper, as already indicated, to have closed his doors to the defendant's son and refused him all further entertainment, unless he expected payment at the hands of the son himself.

Judgment reversed.