[Filed March 10, 1890.]

*JABEZ WILKES *v.* T. R. CORNELIUS, EXECUTOR.

APPEAL FROM COUNTY COURT — JURISDICTION — TRANSCRIPT. — To enable a circuit court to acquire appellate jurisdiction over a judgment of a county court, an appeal therefrom to the circuit court must be duly taken and perfected, and a transcript of the judgment and proceedings had thereon filed in that court.

IDEM — CLAIM AGAINST DECEDENT — SUPPORT OF RELATIVE. — Where an appellant presented to a respondent, as executor of an estate, a claim against the estate, which the latter rejected, and the county court of the proper county, thereafter, under Hill's Code, § 1134, having heard the matter, allowed to the appellant the greater part of the claim, and caused an entry of such allowance to be made on the record, and the circuit court subsequently reviewed the case, and ordered and adjudged that the claim as allowed by the county court be disallowed, and that the judgment of that court be set aside, reversed, and annulled, from which adjudication the appellant took an appeal to the supreme court; and it not appearing from the transcript of the cause filed in the latter court how the case was gotten into the circuit court, — it containing no copy of any notice of appeal from the county court to the circuit court, nor of any proceedings showing that an appeal had been taken, and the certificate of the clerk of the circuit court, which was appended to the transcript, being to the effect that the copies of the papers constituting the transcript included all the papers in the case, — *held,* that in the light of the record, the circuit court had no jurisdiction to attempt to interfere with the said judgment of the county court; *held further,* that an order of allowance or rejection of a claim

* This opinion was omitted from 19 Or. by mistake. — [REPORTER.

against an estate made and entered of record by a county court in accordance with said section 1134 of the code should be regarded in the light of a judgment in an action for the recovery of money; and, if an appeal be taken therefrom to the circuit court, it will involve the trial anew of the matters in issue between the parties, to be conducted in the same manner as trials at law for the recovery of money are conducted in said courts, and that the parties will be entitled to a jury trial upon such appeal, which can only be waived as provided in section 218 of the code; *held*, *also*, that the furnishing support and maintenance to a near relative will be presumed to have been done gratuitously however valuable it may have been, and that such presumption can only be overcome by proof that there was some contract or understanding between the parties that compensation was to be made therefor. Proof of an express contract or agreement is not essential, but it may be shown from the circumstances of the case that it was the understanding of the parties that payment in some form was intended and expected.

Washington county: FRANK J. TAYLOR, Judge.

Plaintiff appeals. Reversed.

*T. B. Handley*, and *W. D. Hare*, for Appellant.

*Thomas H. Tongue*, for Respondent.

THAYER, C. J.—This appeal comes here from the circuit court of the county of Washington, but how the case got into that court is not shown by the record. We are informed by verbal statements of counsel that the case was appealed to the circuit court from a judgment of the county court for Washington county.

The record shows that on the second day of July, 1888, the will of Annie Wilkes was admitted to probate by said county court, and that letters testamentary upon her estate were ordered to be issued to the respondent; that on the thirtieth day of July, 1888, the appellant presented to the respondent an account against the said estate amounting to $1,130, upon which the latter, as such executor, allowed $50 and disallowed the balance; that on the twenty-fourth day of November, 1888, the said county court, at a session thereof duly convened, adjudged that the said appellant have and recover of and from the said respondent, as such executor, the sum of $918.50 upon the said account or claim, and the costs and disbursements of the proceedings

to be taxed, and that the same be paid in due course of administration; that subsequently, and on the twenty-third day of March, 1889, the judge of the said circuit court filed what he termed "findings" with the clerk of said court, which are as follows:

"In the matter of the will of Annie Wilkes, deceased.

"This matter having been heretofore submitted upon the pleadings and testimony herein, heretofore taken and filed, the appellant, T. R. Cornelius, executor of the last will and testament of Annie Wilkes, having appeared herein by Thomas H. Tongue, his attorney, and the respondent and claimant, J. Wilkes, having appeared by T. B. Handley and W. D. Hare, his attorneys, and the court, having considered the allegations and testimony herein and the arguments of counsel, finds that the claimant, Jabez Wilkes, has no greater, valid or legal claim against the estate of Annie Wilkes, deceased, than the sum of $50, as allowed by said executor and indorsed on said claim July 30, 1888; that the order and decree of the county court made in this matter November 24, 1888, in which said court adjudged that the said Jabez Wilkes have and recover of and from the said T. R. Cornelius, executor of the will of Annie Wilkes, deceased, the sum of $918.50, and the costs and disbursements of this proceeding to be taxed, was erroneous and without authority of law. It is therefore ordered, adjudged and decreed that the order of said county court be and hereby is set aside, reversed, and annulled; that the claim of said Jabez Wilkes against the estate of Annie Wilkes be and hereby is disallowed, except so far as allowed by the executor of the will of Annie Wilkes, and that T. R. Cornelius, executor of the will of Annie Wilkes, recover of and from the said Jabez Wilkes his costs and disbursements herein to be taxed, and that execution issue herein to enforce this decree.

(Signed,)                    "FRANK J. TAYLOR, Judge."

From the judgment entered in the said circuit court in accordance with this decision the appeal herein was taken. Attached to the transcript brought to this court is what purports to be the testimony of several witnesses taken in the said county court, and to which is appended a certificate of the clerk of said county of Washington to the effect that the transcript contains all the evidence, depositions, and papers filed or received as evidence by said court, upon the hearing of the application of Jabez Wilkes to said court for the allowance of his claim against the estate of Annie Wilkes. There is also a certificate of the said clerk, as county clerk and clerk of the circuit court for said county, appended to the said transcript, which is to the effect that it contains a full and complete transcript of the notice of the presentation of the claim against the said estate, together with a copy of all orders, decrees, and journal entries made in said county court, with the orders and decrees of said circuit court in relation thereto, and a copy of the notice of appeal, with proof of service and undertaking for appeal therein filed; that he had compared each copy with the original thereof as the same appears on file and record in his office, and each of said copies was a true copy of said original, and together with the original testimony taken in said case, they constituted the entire papers, pleadings, and orders on file or made by said court in relation to the claim of Jabez Wilkes against the estate of said Annie Wilkes, deceased.

The copies of notice of appeal and undertaking referred to in said certificate are copies of a notice of appeal from the decision of the said circuit court, and of an undertaking given thereon.

It is very probable that the appellant, after the respondent disallowed his claim against the estate of Annie Wilkes, presented it in accordance with Hill's Code, § 1134, to the to the said county court for allowance, and that the adjudication of said court on the twenty-fourth day of November, 1888, to the effect that the appellant recover from the

respondent, as such executor, said sum of $918.50, was made under a provision contained in that section. It provides such a course of procedure, and declares that the order of allowance or rejection of the claim shall have the force and effect of a judgment, from which an appeal may be taken as in ordinary cases. Such a judgment must obviously be regarded in the same light as a judgment for the recovery of money in an action; and if an appeal be taken therefrom to the circuit court, it will involve the trial anew of the matters in issue between the parties, which should be conducted in the same manner as trials at law for the recovery of money are conducted in circuit courts. The parties are entitled to have a jury trial, which can only be waived as provided by Hill's Code, § 218, and to have the judgment given therein reviewed in this court in the same way as judgments in actions at law are reviewed, and not otherwise. We have no authority to consider the evidence annexed to the transcript in this case for the purpose of ascertaining whether or not the appellant's claim against the said estate should have been allowed by the respondent as executor thereof, nor to consider any question in the case except that of the jurisdiction of the circuit court to reverse and annul the said judgment of the county court. The circuit court evidently did not attempt to try the matter in difference between the parties anew, but proceeded to review the judgment of the county court as upon writ of review. This could not properly be done, as no such writ had been issued for that purpose, nor could it be legally issued in such a case. Nor had the circuit court any jurisdiction to re-try the matters adjudicated upon in the county court, unless an appeal from such adjudication to the circuit court was regularly perfected as in cases of appeal from judgments of county courts rendered in civil actions. Whether any such appeal was taken or not, the record herein fails to disclose.

It was held by this court in *Wolf* v. *Smith,* 6 Or. 73, that an appellant must bring into the appellate court a

perfect record; and in case of loss or destruction of originals they must be supplied by copies embracing every paper necessary to show that the appellate tribunal had jurisdiction, and that the fact that the parties appeared and the cause was thereupon heard and determined in the circuit court, could not be taken as curing the defects. The judgment of the circuit court appealed from in this case, viewed in the light of the record which is before us, is a nullity. No notice of appeal from the judgment of the county court appears to have been given, nor any steps taken whereby the circuit court could have acquired jurisdiction of the case; and the certificate by the clerk of that court to the transcript brought here imports that no such notice. was given or steps taken. The said judgment must therefore be reversed, and the case remanded to the circuit court with directions to dismiss it, unless it appear from the records and files of said court that such appeal was duly taken and perfected, in which event the court will retain the case and proceed to try it in the manner herein indicated.

This disposes of the case for this time, but, as there may be a trial thereof in accordance with the above direction, it becomes necessary to declare the general rules of law which govern in such cases. The respondent's counsel submitted in his brief the question as to whether the statute referring to said section 1134 of the code, above referred to, is constitutional. In answer to that query, I would suggest that its constitutionality would be questionable if it were to receive the construction which counsel for both parties seem to have given it, as it would under their view deprive parties of the right of trial by jury in the enforcement of a legal obligation to pay money; but the legislature evidently did not intend that it should receive that construction. Giving to the adjudication of a claim against an estate the force of a judgment, as provided in said section, does not impair the right of the party against whom it is made to a jury trial within the meaning of the constitution if he can secure it by an appeal from such adjudication to the circuit court,

which, in my opinion, he is clearly entitled to under the provisions of the section.

The main question for determination upon the trial of the case, if a trial thereof be had, will be whether the appellant is entitled to recover upon his alleged claim against the respondent as executor of the estate of Annie Wilkes, deceased. Said claim is for board, lodging, care, and medical treatment, furnished to the deceased during the last six years of her life, amounting to $1,080; and, as she was his mother, his right to recover will depend upon proof as to whether there was any contract or understanding between the parties by which he was to receive compensation therefor. The rule in such cases is that furnishing support and maintenance to a near relative will be presumed to have been done gratuitously, however valuable it may have been, and that such presumption can only be overcome by showing that payment therefor was intended and expected to be made in some manner. But proof that there was an express contract or agreement to pay, is not necessarily essential. (*Smith* v. *Milligan*, 43 Pa. St. 107.) It is impossible, however, as was said in *Hart* v. *Hart's Admr.* 41 Mo. 441, "to lay down precise or accurate rules to govern all cases which may arise. Each case will depend upon its own special circumstances." The language of Chief Justice SHAW in *Guild* v. *Guild*, 15 Pick. 129, quoted in *Hart* v. *Hart's Admr. supra*, expresses the rule in a practical light: "That it would be quite competent for the jury to infer a promise from all the circumstances of the case, and that although the burden of proof is upon the plaintiff, as in other cases, to show an implied promise, the jury ought to be instructed that if, under all the circumstances of the case, the services were of such a nature as to lead to a reasonable belief that it was the understanding of the parties that pecuniary compensation should be made for them, then the jury should find an implied promise, and a *quantum meruit;* but, if otherwise, then they should find that there was no implied promise."

This is as far as I am willing to undertake to lay down any rule upon the subject in advance.