.J. W. NEFF, Appellee, v. RICHARD MANUEL *et al.*, Defendants, MAUD MANUEL, Appellant.

'Garnishment: FORUM. A court has power on its own motion, where the issues are purely equitable, to order a cause tried without a jury, but when the only issue raised involves the title to personal property, it is error to so order.

*Appeal from Keokuk District Court.*--HON. A. R. DEWEY, Judge.

SATURDAY, OCTOBER 31, 1903.

ACTION on a promissory note, aided by attachment. There was a judgment in favor of plaintiff. This appeal is by Maud Manuel, claiming to be the owner of certain moneys attached by garnishment, and which moneys were ordered paid in satisfaction of the judgment against the principal defendant. The opinion sufficiently states the facts. — *Reversed.*

*Brown & Willcockson* for appellant.

*Stockman & Hamilton* for appellee.

BISHOP, C. J.—There is some confusion in the record, but therefrom we extract the situation to be as follows:

Alfred Manuel, father of the defendant Richard Manuel, died in 1883, intestate. At the time of his death he was the owner of eighty acres of land in Keokuk county, which he had occupied as a homestead. He left surviving him his wife and several children, including said Richard. The widow continued to occupy the farm until her death, which occurred in July, 1896. She never took any steps to have her interests in the estate of her husband set off to her, and she also died intestate. In October, 1890, Richard Manuel conveyed his undivided interest in the farm to his wife, A. M. Manuel, and the deed was duly recorded. In January, 1896, A. M. Manuel, and her husband, Richard, conveyed said undivided interest to their infant daughter, Maud Manuel. It seems that, following the death of the widow of Alfred Manuel, proceedings were had in the nature of an action for partition, resulting in a decree, of date October, 1899, in which the rights and interests of the several heirs in and to said real estate were fixed and determined. The fact that Maud Manuel holds a deed from Richard and A. M. Manuel of their interest is recited, and it is decreed that the said Maud is the owner of an undivided one-seventh interest in the property. The entire property is ordered sold, and referees are appointed for that purpose. It appears that at the time this action was commenced a sale had taken place, and the referees were in possession of the money derived from such sale. The note here in suit was executed to plaintiff by Richard and A. M. Manuel jointly in July, 1895. At the time of bringing suit, plaintiff caused the referees to be garnished under the writ of attachment issued in his favor, and their answers taken disclose the facts substantially as above stated. Thereupon plaintiff filed a pleading controverting the answers of the garnishees, and setting up that at the time said conveyance was made to Maud, and now, the said Richard and A. M. Manuel were and are insolvent; that said conveyance was

made without consideration, and to defraud this plaintiff and prevent him from collecting the indebtedness sued upon. Accordingly he prays that the garnishees may be directed to pay over to him, of the funds in their hands, an amount sufficient to cancel said indebtedness. To this pleading the garnishees did not appear. Maud Manuel appeared thereto by her guardian and filed a petition of intervention, and this was answered by plaintiff. Later on, said Maud Manuel filed a further pleading, which is denominated a reply to the answer of plaintiff controverting the answer of the garnishees. Therein she asserts her right to the fund in the hands of the referees, pleads that said fund is in part the proceeds of a homestead, and also pleading an estoppel. Thereafter the petition of intervention was withdrawn, but it is said this is done without prejudice to her rights to the money in the hands of the garnishees.

It is somewhat difficult to state just what position in the case Maud Manuel intended to or did, occupy. It seems to have been conceded that she was a necessary party, and this was undoubtedly true. We think her pleading may be taken as the answer of a defendant brought in, and the proceedings had indicate that she was so regarded by the other parties and by the court. Now, upon the issue joined, the cause proceeded to trial, and a jury was impaneled and sworn without objection. Before the taking of evidence commenced, the court, having announced that the issue was of an equitable character, triable to the court alone, on its own motion dismissed the jury, and ordered that the trial proceed before the court. To this said Maud Manuel made objection, and, predicated on the action taken, she now assigns error. We think her contention must be sustained. Section 3945 of the Code provides that, in the event of the answer of a garnishee being controverted, an issue may be joined, which "shall be tried in the usual manner," etc. With-

out doubt, this means by ordinary proceedings.   *Sears v. Thompson*, 72 Iowa, 61; *Kelley v. Andrews*, 102 Iowa, 119. It follows that either party is entitled in such a case to a jury trial.   We do not say that where issues are formed, purely equitable in character, even though the action is pending on the law side of the docket, and there is no motion for a transfer, that the court may not, on its motion, even, treat the case as one of equitable cognizance and triable to the court without the intervention of a jury. But we do not incline to the view that the issue in the case before us was solely cognizable in equity.   There is no question of title to lands involved.   Maud Manuel is claiming that she is entitled to the fund, for that there has been conveyed to her the interest in the lands formerly held by her father and mother.   On the other hand, plaintiff is claiming that such transfer was made without consideration and colorable only; that the insolvent parents, intending to defraud, had adopted the plan of making the conveyance to prevent the proceeds of the sale from being seized in satisfaction of their debt.   The ownership of the money in the hands of the referees was the substance of the issue.   True enough, if the action had been to set aside the conveyance of the land as in fraud of creditors, the action could only be prosecuted in equity, but this is because equity has exclusive cognizance over the matter of the title to and liens upon lands.   Not so, however, as to the title to personal property; and the right of a court of law in a case properly before it to inquire into and grant relief on account of fraud, is elementary and not to be questioned.

And we think this may be true even though the fraud may involve some previous transfer of real property.   As the record may not be the same upon another trial, we need not discuss other errors assigned. For the error pointed out, a new trial must be granted, and the cause will be remanded for that purpose.—REVERSED.