Argued 10 October, decided 21 November, 1906.

**PUFFER *v.* AMERICAN INSURANCE COMPANY.**

87 Pac. 523.

</div>

REFERENCE—RIGHT OF JUDGE TO ACT AS REFEREE—WAIVING JURY.

1. A trial judge has no authority to act as a referee in a law action without the consent of the parties, nor to try a law action alone, unless a jury is waived in the manner provided by statute.

DELAYED REPORT OF REFEREE—REMEDY—RIGHT OF PARTIES TO TRIAL BY REFEREE AFTER REFERENCE.

2. Where a report of a referee in a law action is unreasonably delayed the judge may order the report filed and enforce obedience to his orders by appropriate means, but he cannot himself decide the case on the testimony taken by the referee, against the objection of a party, as the statute gives the right to a trial in law actions either by a jury or a referee, and there are some material advantages under that right of which a party cannot be arbitrarily deprived.

From Multnomah: MELVIN C. GEORGE, Judge.

Action for the recovery of money by W. C. Puffer and Frank E. Dooley against the American Central Insurance Co. The other facts appear in the opinion.      REVERSED.

For appellant there was an oral argument by *Mr. Milton W. Smith,* with a brief to this effect.

I. It was error for the court to disregard its rule requiring that "copies of all papers filed in a case must be served on the attorney of the adverse party"; and that "motions and issues of law shall be set down for hearing on the motion book." Rules of procedure adopted by a court have the force of law and must be strictly adhered to by both court and litigants: *Coyote G. & S. M. Co.* v. *Ruble,* 9 Or. 121, 125; *District of Columbia* v. *Roth,* 18 D. C. App. 547, 551; *Rio Grande Irrig. Dist.* v. *Gildersleeve,* 174 U. S. 603, 608 (19 Sup. Ct. 761); *Elevated Ry. Co.* v. *O'Neill,* 25 Ill. App. 313, 326.

II. Irrespective of the rules of court, it would be error to allow such a motion upon an *ex parte* application. Opposing counsel should be allowed an opportunity to be heard by affidavits and arguments: *Seamans* v. *Pharo,* 4 N. J. Law, 143; *Freeborn* v. *Denman,* 8 N. J. Law, 116, 119; *Ferris* v. *Munn,* 22 N. J. Law, 161; *Beattie* v. *David,* 40 N. J. Law, 102; *Dexter* v. *Young,* 40 N. H. 130; *Jackson* v. *Ives,* 6 Hill, 260; Beach, Mod. Eq. Prac. § 683.

III. In any event, the motion should have been overruled when it appeared that the referee had not yet made his findings and conclusions, or stated his inability to do so: B. & C. Comp. § 166. The court and counsel were wrong in applying Sections 406 and 827 to law actions.

IV. If a referee unduly delays his report, the proper practice is to move for an order to speed the case (17 Enc. Pl. & Pr. 1031), and if the referee refuses to do so, the court has power to remove him or proceed by way of contempt: *Jeffers* v. *Hazen,* 69 Vt. 456; *Hawkins* v. *Brafford,* 1 Caines, 160; *Thompson* v. *Parker,* 3 Johns. 260; *Stafford* v. *Hesketh,* 1 Wend. 71; *Marias* v. *Leony,* 113 N. Y. 619; 3 Waite's Practice, 309.

V. The court should not have heard the case without a jury, for it had no authority to try any law action without a jury unless the parties waive their constitutional right in the manner provided by law: B. & C. Comp. § 157; *American Mtg. Co.* v. *Hutchinson,* 19 Or. 334, 340 (24 Pac. 515); *Johnston* v. *Shofner,* 21 Or. 111, 115 (31 Pac. 254); *Stroup* v. *Bridges,* 124 Iowa, 401 (100 N. W. 113).

VI. In law actions the only occasions when the judge may make findings of fact from the evidence taken by the referee is when he has set aside the findings: B. & C. Comp. § 168; *Liebe* v. *Nicolai,* 30 Or. 364, 371 (48 Pac. 172). In such cases the court disagrees with the referee as to the weight of evidence, but here he tried the case without a report having been filed. That may do in equity, but neither at common law nor under our statute is such a procedure authorized in a law action.

For respondent there was an oral argument by *Mr. Harrison Gray Platt,* with a brief over the names of *Cake & Cake, Ore L. Price* and *Platt & Platt,* to this effect.

1. The rules of the circuit court were intended to expedite and not to retard business, and the proposition here does not come under the rule, for no motion or issue of law was before the court —only the fact that the referee had not reached a decision after an unreasonable delay. Further, a court at all times retains control over its proceedings, and by analogy it has the same power to recall a case from a referee that it has to discharge a jury.

2. When the case came on for hearing the defendant did not object because no jury was provided, but protested solely because the reference had been summarily terminated, thereby

waiving all other objections.  The cases of *Ladd* v. *Sears,* 9 Or.
p. 247, and *Rogue River Min. Co.* v. *Walker,* 10 Or. 343, are in-
structive on this question of waiver.

MR. CHIEF JUSTICE BEAN delivered the opinion.

This is an action at law to recover money.  After the issues
had been made up, it was referred to a referee to "make and
report findings of fact and conclusions of law," because the trial
would involve the examination of a long account on both sides.
The evidence was taken by the referee, but he failed or neglected
to make and report any findings of fact or conclusions of law,
and some three years after his appointment he was ordered by
the court, on plaintiff's motion, without notice to the defend-
ant, to return the record, including the testimony taken before
him, which was done accordingly.  The court thereupon, against
the protest of the defendant, and over its objection and excep-
tion, proceeded to a trial of the cause without the intervention
of a jury.  Findings and judgment were made and rendered in
favor of the plaintiff, and defendant appeals.

1. A trial judge has no authority to act as a referee in a law
action without the consent of parties (*Dinsmore* v. *Smith,* 17
Wis. 20), nor to try such an action unless a jury is waived in the
manner provided by statute: *American Mortg. Co.* v. *Hutchin-
son,* 19 Or. 334 (24 Pac. 515) ; *Wilkes* v. *Cornelius,* 21 Or. 345
(23 Pac. 473).

2. The constitution guarantees to every suitor in a law action
the right to a trial by jury, and he cannot be deprived of this
right by the court on its own motion, or that of his adversary,
unless the issues involve the examination of a long account.  In
the latter case an action may be referred to a referee, "to hear
and decide the whole issue, or to report upon any specific ques-
tion of fact involved therein" (B. & C. Comp. § 161) ; but in
such case the conclusions of the referee are to be deemed and
considered as a verdict of a jury: B. & C. Comp. § 168. A litigant
in a law action, therefore, is entitled, as a matter of right, to have
the facts determined by a jury, or, if the cause is referable, the
conclusions of a trior of facts, whose findings shall have the same

force and effect. The court may set aside the findings of a referee, and order a new reference, or find the facts and law itself, but it can only do so under the same circumstances in which it has authority to set aside the verdict of a jury (*Merchants' Nat. Bank* v. *Pope,* 19 Or. 35, 26 Pac. 622; *Liebe* v. *Nicolai,* 30 Or. 372, 48 Pac. 172) ; and where the evidence is conflicting, and the credibility of witnesses is involved, the referee's findings of fact will ordinarily not be disturbed unless palpably wrong: 17 Enc. Pl. & Pr. 1055. The verdict of a jury and the findings of a referee in a law action stand upon the same footing, and a litigant can no more be deprived of the benefit of the one than of the other. The court may set aside the verdict of a jury in a proper case, and order a new trial, and it may, for like reasons, set aside the conclusions of a referee, and find the facts and law itself; but it has no more right to assume the duties of a referee without the consent of a party than it can that of a jury. If the referee unreasonably delays his report, the court may direct him to speed the case, and, if he neglects to do so, may perhaps force a report by attachment, or it may remove him, and appoint another; but it cannot itself assume to discharge his duties. If it could lawfully do so, it could deny to litigants the benefit to be derived from the findings of the trior of facts, and the presumptions which attach to such findings.

It follows from these views that the court was in error in trying the cause over the objection of the defendant, and for such error the judgment is reversed, and the cause remanded for such further proceedings as may be proper, not inconsistent with this opinion.                                    REVERSED.