Argued April 14, reversed and remanded May 25, 1920.

## SCHNITZER *v.* STEIN.

(189 Pac. 984.)

**Jury—Defendant Entitled to Jury Trial on Appeal to Circuit Court Notwithstanding Small Amount Involved.**

1. On an appeal to the Circuit Court from the District Court, defendant was entitled to a jury trial under Article I, Section 17, and Article VII, Section 3, of the Constitution, though the controversy involved only $37.50.

**Jury—Right to Jury Trial may be Regulated by Statute Within Certain Limits.**

2. The exercise of the constitutional right of trial by jury may within well-defined limitations be regulated by statute.

**Courts—Rules cannot Regulate Matter Regulated by Statute.**

3. Where the courts exercise the power of making rules, whether such power is conferred by statute or deemed to exist in the absence

of statute, they cannot by mere rule of court regulate a matter already regulated by statute.

**Courts—Rule Requiring Payment of Jury Fee Before Trial Held to Violate Statute.**

4.   Assuming that under Section 916, L. O. L., the Circuit Court, in the absence of statute, can by rule require the payment of the jury fee four days before the cause is called to be set for trial under penalty of losing the right to a jury trial, such a rule violates Section 1117, L. O. L., as amended by Laws of 1915, page 91, requiring the clerk to collect such fee at the time the action, suit, or proceeding comes on for trial by jury, especially as the amendment eliminated a provision for payment two or four days before the case was called.

**Courts—Rules must Yield to Statute.**

5.   When a rule of court conflicts with the statute, it must yield to the statute.

   [As to the validity of a court rule in contravention of common law or statute, see the note in 19 Ann. Cas. 801.]

From Multnomah: WILLIAM N. GATENS, Judge.

Department 1.

The plaintiffs, S. Schnitzer and H. J. Wolf, partners doing business as the Alaska Junk Company, brought this action in the District Court for Multnomah County against S. Stein and M. Baumstein for the recovery of $37.50 with interest from April 12, 1917. S. Stein alone answered. The trial in the District Court resulted in a judgment for the plaintiffs for the amount demanded in the complaint, and from that judgment Stein appealed to the Circuit Court.

When the cause came on for trial on February 11, 1919, the circuit judge was "advised of the nature of the case, the amount involved, and that the defendant S. Stein desired a jury trial." The bill of exceptions recites that "the court refused to permit a jury to be called in this case, for the reason it is an appealed case from the District Court where a jury is had, and it is too trifling to justify a jury being called at the expense of the county." After

"the court announced that no jury would be allowed," Stein "deposited $12 jury fee" with the clerk, and he again demanded a trial by jury. The court again refused to impanel a jury, and, in addition to the reason previously given, said:

"Under the rules you are not entitled to a jury, anyway. According to the rules, you have to pay the jury fee four days before trial."

The rule to which the circuit judge referred is Rule 4 of the rules of the Circuit Court for Multnomah County. Rule 4 reads as follows:

"In all actions and appeal cases, including those from the municipal court involving the violation of a city ordinance, wherein the parties may be entitled to trial by jury, the clerk shall, at least four days before the cause is called to be set for trial, collect from the plaintiff or appellant the jury trial fee, unless the plaintiff or appellant shall have filed a statement in writing entitled in the cause to the effect that a jury trial is waived. If the plaintiff or appellant shall have filed a waiver or shall have refused or neglected to pay the jury trial fee as above mentioned, the clerk shall at least two days before the cause is called to be set for trial, collect from the defendant or respondent the jury trial fee, unless the defendant or respondent shall have filed a statement in writing entitled in the cause to the effect that a trial by jury is waived. Cases wherein the jury trial fee has not been paid, as above provided, shall be tried by the court without a jury, unless the court shall otherwise order. No order to return the jury trial fee shall be made after a case has been set for trial and continued. The jury trial fee shall not be exacted in criminal actions."

The circuit judge proceeded to try the action without the intervention of a jury, and after hearing the evidence offered by the plaintiffs, the defendant Stein declining to offer any evidence, the

court rendered a judgment for the plaintiffs, and Stein appealed.          REVERSED AND REMANDED.

For appellants there was a brief and an oral argument by *Mr. Morris A. Goldstein.*

For respondents there was a brief and an oral argument by *Mr. S. J. Silverman.*

HARRIS, J.—1. When the appealing defendant entered the Circuit Court, the Constitution guaranteed him the right of trial by jury; and that right was nowise impaired, weakened or diminished by the fact that the controversy involved only $37.50. Article I, Section 17, and Article VII, Section 3, Constitution of Oregon: *Puffer* v. *American Ins. Co.,* 48 Or. 475, 478 (87 Pac. 523).

2, 3. The exercise of the right of trial by jury may, within well-defined limitations, be regulated by statute; as, for example, a litigant may be required not only to pay a fee, but also to pay the fee in advance; or he may be required to demand a jury at a certain time. It has been generally held that courts possess an inherent power to prescribe such rules, in relation to the details of business, as shall best serve the purpose of methodically disposing of cases brought before them, subject, of course, to organic and statutory laws: *Carney* v. *Barrett,* 4 Or. 171, 175; *Coyote G. & S. M. Co.* v. *Ruble,* 9 Or. 121, 125; *State* v. *Birchard,* 35 Or. 484, 486 (59 Pac. 468); *Zeuske* v. *Zeuske,* 55 Or. 65, 88 (103 Pac. 648, 105 Pac. 249, Ann. Cas. 1912A, 557); *Francis* v. *Mutual Life Ins. Co.,* 61 Or. 141, 143 (114 Pac. 921); 7 R. C. L. 1023. The judges of the Circuit Court for Multnomah County are by statute empowered to make "all needful rules and regulations, not incon-

sistent with law, to effectuate the object of this act and facilitate the transaction of business'': Section 916, L. O. L.   When courts exercise the power of making rules, whether such power is conferred by statute, or is deemed to exist in the absence of statute, they cannot by a mere rule of court regulate a matter which is already regulated by statute: 15 C. J. 904.   It is not necessary to determine whether the modes of waiver of jury trial specified in Section 157, L. O. L., are exclusive of all other modes, or whether Circuit Courts cannot, because of Section 157, L. O. L., by rule declare that a failure to pay the jury trial fee a given number of days in advance shall operate as a waiver; but, for the purposes of this discussion only, it may be assumed, without deciding, that courts can, in the absence of a statute regulating the matter, publish and enforce a rule requiring the payment of the statutory jury fee ''four days before the cause is called to be set for trial'': See, *American Mortgage Co.* v. *Hutchinson*, 19 Or. 334, 340 (24 Pac. 515); *Wilkes* v. *Cornelius*, 21 Or. 341, 345 (23 Pac. 473); *Johnston* v. *Schofner*, 23 Or. 111, 116 (31 Pac. 254); *In re McCormick's Estate*, 72 Or. 608, 624 (143 Pac. 915, 144 Pac. 425); *People* v. *Metropolitan Surety Co.,* 164 Cal. 174 (128 Pac. 324, Ann. Cas. 1914B, 1181); *Lipscomb* v. *Condon,* 56 W. Va. 416 (49 S. E. 392, 107 Am. St. Rep. 938, 67 L. R. A. 670); *Conneau* v. *Geis*, 73 Cal. 176 (14 Pac. 580, 2 Am. St. Rep. 785).   An examination of the statute now in force, when considered in the light of previous legislation, will demonstrate that Rule 4 of the Circuit Court for Multnomah County conflicts with the statute.

4. In 1903 the legislature passed an act ''to establish and regulate the fees to be collected in all

counties of the state containing more than fifty thousand inhabitants. * * ''; and Section 2, subd. 39, of that act was carried into Lord's Oregon Laws as Section 1117, and it reads as follows:

"The jury trial fee is $12, to be collected at the time and in the manner following: In all actions and appeal cases wherein the parties may be entitled to a trial by jury, the clerk shall, at least four days before the cause is called to be set for trial, collect from the plaintiff or appellant the jury trial fee, unless the plaintiff or appellant shall have filed a statement in writing entitled in the cause to the effect that a trial jury is waived. If the plaintiff or appellant shall have filed a waiver, or shall have refused or neglected to pay the jury trial fee, as above mentioned, the clerk shall, at least two days before the cause is called to be set for trial, collect from the defendant or respondent the jury trial fee, unless the defendant or respondent shall have filed a statement in writing entitled in the cause to the effect that a trial by jury is waived. Cases wherein the jury trial fee has not been paid, as above provided, shall be tried by the court without a jury, unless the court shall otherwise order. If a case wherein the jury trial fee has not been paid, is tried by a jury by order of court, it shall be the duty of the clerk to tax against the losing party as costs, to be collected for the benefit of the county the sum of $12. The court may, if the order is made ten days before the date set for trial thereof, provide, in disposing of a case settled or dismissed, that the party who advanced the jury trial fee is entitled thereto, and such recital shall be sufficient authority for repayment thereof by the clerk. No order to return the jury trial fee shall be made after a case has been set for trial and continued. The trial fee of $6.00 above provided, shall not be exacted in any case wherein a jury trial has been paid by either party and not refunded. The jury trial fee shall be collected for each trial of the case by a jury, and as above provided. The trial fee herein provided shall

be deemed disbursements, and may be taxed and collected as other costs and disbursements by the prevailing party. The jury trial fee shall not be exacted in criminal actions.''

In 1915 the legislature amended Section 1117, L. O. L., by enacting Chapter 83, Laws of 1915. The amendatory act, so far as it is material here, reads as follows:

''The jury trial fee is $12, to be collected at the time and in the manner following: The clerk shall collect from the plaintiff or appellant, at the time such action, suit or proceedings come on for trial by a jury, a jury trial fee. If the plaintiff or appellant shall waive a trial by jury, and the defendant or respondent desires a trial by jury the clerk shall collect from the defendant or respondent the jury trial fee. Cases wherein the jury trial fee has not been paid, as above provided, shall be tried by the court without a jury, unless the court shall otherwise order. * * *''

By the terms of Section 1117, L. O. L., as it originally read, the clerk was required, ''at least four days before the cause is called to be set for trial,'' to collect from the plaintiff or appellant the jury trial fee; and if the plaintiff or appellant had filed a waiver, or neglected to pay the fee, the clerk was required ''at least two days before the cause is called to be set for trial'' to collect from the defendant or respondent the jury trial fee, unless he has filed a statement waiving a trial by jury. But by the amendatory act the legislature has required the clerk ''to collect from the plaintiff or appellant, at the time such action, suit or proceedings come on for trial by a jury'' the jury trial fee; or, if the plaintiff or appellant waives a trial by jury, the clerk shall collect the fee from defendant or respondent,

unless he also waives his right of trial by jury. The legislature in effect said in 1903 that the jury trial-fee must be collected a given number of days in advance; but in 1915 the legislature changed its orders, and said that the jury trial fee need not be paid in advance, and that it is sufficient if the fee is paid "at the time" the action comes on for trial. The outstanding and most prominent feature of the amendment is the change in the time for the payment of the fee; and, indeed, this change of time is of the very essence of the amendatory act.

5. A comparison of Section 1117, L. O. L., as originally enacted, with Rule 4, will disclose that, so far as concerns the time for paying the jury trial fee, Rule 4 is a transcript of Section 1117. In other words, the court has attempted, by Rule 4, to require to be done that which the legislature has, by statute, declared need not be done. The rule conflicts with the statute, and, therefore, the rule must yield to the statute: *Nichols* v. *Cherry,* 22 Utah, 1 (60 Pac. 1103).

The defendant Stein paid the fee at the time required by law, and he was entitled to a trial by jury. The judgment is reversed and the cause is remanded.

                         REVERSED AND REMANDED.


McBRIDE, C. J., and BENSON and BURNETT, JJ., concur.