Argued at Pendleton May 4, affirmed June 16, 1925.

## JAMES C. FORD *v.* J. P. SCHALL.

### (236 Pac. 745.)

**Trial—That Evidence is Uncontradicted Does not Itself Warrant Court in Directing Verdict.**

1. That evidence is uncontradicted does not itself warrant court in directing verdict.

**Trial—When Question in Issue is Properly Submitted to Jury Stated.**

2. The question in issue is for the jury when, though the evidence is undisputed, reasonable minds might draw different conclusions from the facts proved.

**Limitation of Actions—Directed Verdict for Payee on Issue Whether Joint Maker Made Interest Payments Within Period of Limitation Held Proper.**

3. Where, in action on note, issue was whether note was barred by statute, which depended upon whether comaker made alleged interest payments within six years of suit, and plaintiff specifically .testified as to such payments and defendant offered no testimony, *held* that a directed verdict for plaintiff was proper.

**Jury—Direction of Verdict Does not Violate Constitutional Right to Trial by Jury, Unless Case Demands Submission of Issue to Jury.**

4. Direction of verdict does not violate constitutional right to trial by jury, unless case demands submission of issue to jury.

---

See (1) 38 Cyc. 1569.   (2) 38 Cyc. 1540.   (3) 37 C. J. 1258.   (4) 35 C. J. 242.

1. Court's right to refuse to direct verdict though evidence uncontradicted, see note in 8 A. L. R. 802. See, also, 26 R. C. L. 1067.
4. See 17 R. C. L. 912; 26 R. C. L. 1067.

From Malheur: Dalton Biggs, Judge.

In Banc.

This is an action to recover an amount alleged to be due on a joint and several promissory note executed by Will R. King and the defendant J. P. Schall, dated September 5, 1913, in the sum of $1,500, bearing interest at the rate of 10 per cent per annum. Various interest payments are alleged in the complaint, the last one being dated March 27, 1920, in the sum of $150, which covered accrued interest on the note to December 5, 1919. Defendant denies generally the allegations of the complaint, but admits that he executed the note in question. As a further and separate defense the statute of limitations is pleaded. On trial the vital issue was whether Will R. King made the interest payments as alleged, as such determined whether the action was barred by the statute. Evidence was introduced to establish the material allegations of the complaint. Plaintiff testified specifically that the various payments of interest were made as alleged, giving the time, place and person making the same. No evidence was offered by the defendant after plaintiff rested his case, whereupon, on motion of plaintiff, the jury was instructed to render a verdict against defendant Schall in the sum of $1,500, with interest thereon at the rate of 10 per cent per annum from December 5, 1919. The only issue submitted to the jury was relative to the question of attorneys' fees. Verdict was rendered in accordance with the court's instructions, and the sum of $100 was assessed by the jury as reasonable attorneys' fees. Defendant appeals, assigning as error the instructions of the court as

above stated and its refusal to permit a certain amendment being made to the answer.

Affirmed.

For appellant there was a brief over the name of *Messrs. Gallagher & Kester,* with an oral argument by *Mr. J. W. McCulloch.*

For respondent there was a brief and oral arguments by *Mr. Wm. E. Lees* and *Mr. R. W. Swagler.*

BELT, J.—1. It is contended that, even though no evidence was offered by defendant to contradict the testimony of plaintiff as to interest payments, it was nevertheless a question of fact to be submitted to the jury. The fact in itself that evidence is uncontradicted does not warrant the court in directing a verdict.

2. The evidence may be undisputed, but it is a question for the jury if, as stated in *Koontz* v. *Oregon R. & N. Co.,* 20 Or. 21 (23 Pac. 820), and cited with approval in *Graham* v. *Coos Bay R. & N. Co.,* 71 Or. 393 (139 Pac. 337), men of reasonable minds might draw different conclusions from the facts proved. Jurors, however, are not permitted in the face of uncontradicted testimony, to enter the realm of speculation or to indulge in frivolous and captious objections thereto. Only reasonable inferences may be drawn from facts proved.

3. In the case at bar, the plaintiff explicitly testified as to the interest payments in question. There is no fact or circumstance indicating improbability. The transaction was done in the ordinary course of business. A juror, sworn to decide the case according to law and evidence, could reach only one legitimate conclusion in the instant case. If the cause

had been submitted to the jury on the evidence as disclosed by the record, and a verdict returned in favor of defendant, the court would have been obliged to set the same aside. Cases cited involving negligence are not in point. Each case must be read in the light of the facts before the court for decision. An examination of the record herein convinces us there was no issue to submit to the jury relative to defendant's liability on the note, and the trial court was right in directing a verdict for the plaintiff on that phase of the case.

4. In our opinion the contention that the practice of directing verdicts is in conflict with the constitutional provision guaranteeing the right of trial by jury is untenable: 26 R. C. L. 1066. There must be an issue to submit to the jury before the defendant can complain.

We take it from the brief of appellant that the other assignment of error is not seriously relied on, and it is therefore passed without consideration.

The judgment of the trial court is affirmed.

AFFIRMED.

BROWN, J., took no part in the consideration of this case.