Argued April 8, reversed and remanded April 27, 1966

# ARGONAUT INSURANCE COMPANY *v.*
# KETCHEN, FIREMAN'S FUND
# INSURANCE COMPANY

413 P. 2d 613

*Lloyd W. Weisensee,* Portland, argued the cause for appellant. With him on the brief were Gray, Fredrickson & Heath, Portland.

*Thomas M. Triplett,* Portland, argued the cause for respondent Fireman's Fund Insurance Company. With him on the brief were Mautz, Souther, Spaulding, Kinsey & Williamson and Wayne A. Williamson, Portland.

Before MCALLISTER, Chief Justice, and GOODWIN, DENECKE, HOLMAN and LUSK, Justices.

HOLMAN, J.

The plaintiff, Argonaut Insurance Company, issued a policy of liability insurance to Idaho Lease and Rental Company. Bethel Reed secured a judgment against Idaho Lease and Rental and its employee, the defendant Ketchen, for injuries received in an automobile accident. Mrs. Reed was a passenger in Ketchen's automobile while he was negligently operating it within the scope of his employment. Plaintiff paid

the Reed judgment and, as subrogee of Idaho's rights, instituted this action against Idaho's employee for reimbursement. Plaintiff secured a judgment against defendant. Defendant had a policy of liability insurance issued by Fireman's Fund Insurance Company. Plaintiff levied a garnishment in aid of execution against Fireman's to collect under defendant's policy. Fireman's denied coverage for the accident, claiming Mrs. Reed was an employee of the defendant Ketchen at the time of the accident within the meaning of its policy clause excluding from coverage injuries to "any employee" of the insured.

The garnishment proceedings were tried by the court without a jury. The court entered findings and conclusions to the effect that at the time of the accident Mrs. Reed was a special employee of the defendant Ketchen; that she was an employee within the meaning of the policy exclusion; that the policy did not extend coverage to defendant for Mrs. Reed's judgment, and that the garnishee Fireman's was not liable on the policy to plaintiff Argonaut. Plaintiff appealed.

Plaintiff first contends error was committed by the trial court because it was deprived of a jury trial on the issues of fact in the garnishment proceeding. The record indicates there was a hearing at which certain records from the litigation in which Mrs. Reed received her judgment were introduced as exhibits and the parties stated their positions. The matter was then continued for the purpose of briefing the legal questions (1) whether the court's decision in which Mrs. Reed secured her judgment was res judicata of her status as an employee of the defendant Ketchen and (2) the meaning and breadth of the words "any employee" as used in the policy. After the court made its ruling that the prior proceeding was not res judicata and it therefore appeared the hearing would

have to be resumed, the plaintiff requested a jury trial on the question of whether Mrs. Reed was an employee within the meaning of the policy exclusion. This request was denied by the court upon the ground that the plaintiff had waived a jury trial by not objecting to the lack of a jury before the commencement of the hearing.

The garnishee argues that plaintiff waived a jury trial. It also contends garnishment proceedings are not triable by juries and that in any event only questions of law are involved.

■ It is obvious that the question of whether Mrs. Reed was an employe of the defendant Ketchen at the time of the accident is one of fact and not of law. While there is no serious dispute in the testimony, reasonable men can dispute the proper inferences to be drawn therefrom. *Rickard v. Ellis,* 230 Or 46, 51, 368 P2d 396 (1962); *Schmitz v. Yant,* 242 Or 308, 409 P2d 346 (1965); *Ford v. Schall,* 114 Or 688, 690, 236 P 745 (1925).

■ Fact issues in a contested garnishment proceeding are triable by a jury. ORS 29.350 states as follows:

"Witnesses, including the defendant and garnishee or officer thereof, may be required to appear and testify, and the issues shall be tried, upon proceedings against a garnishee, *as upon the trial of an issue of fact between a plaintiff and defendant.*" (Emphasis added).

While a garnishment is a statutory proceeding, it is legal and not equitable in nature, and if tried as any normal issue between a plaintiff and a defendant, as required by the statute, all fact issues must be tried as in an action at law. *Case v. Noyes,* 16 Or 329, 333, 19 P 104 (1888); *Caldwell Banking & T. Co. v. Porter,*

52 Or 318, 323, 95 P 1, 97 P 541 (1908); *Overturff v. Carroll,* 109 Or 326, 329, 330, 219 P 1081 (1923); *Eisele v. Knight,* 234 Or 468, 472, 382 P2d 416 (1963). This necessarily means such issues are tried with a jury unless the parties waive a jury trial. In *Case v. Noyes,* supra, the court stated the following dictum:

"Something was said upon the argument as to whether this proceeding is in the nature of an action at law or a suit in equity. The evidence is in writing and accompanies the transcript, and it was suggested we might examine and retry the questions of fact. The conclusions reached render it unnecessary to decide this question; but we may as well add that in case of a garnishment, whether upon an attachment or execution in an action at law, the proceeding is strictly at law and not in equity, and the issues of fact arising therein shall be tried as ordinary issues of fact between plaintiff and defendant."

Iowa has a statute with language similar to Oregon's in that it provides that garnishment proceedings "shall be tried in the usual manner." The Iowa court has held that this statutory language entitled a party to a jury trial. *Neff v. Manuel,* 121 Iowa 707, 97 NW 73 (1903). It appears to be the tendency to construe statutes which do not specifically cover the matter as providing for a jury trial. See Annotation, 88 ALR 1151 (1934).

We believe the trial court was in error in holding the plaintiff waived his right to a jury. ORS 17.035 provides for the manner in which a jury trial may be waived. It states:

"Trial by jury may be waived by the several parties to an issue of fact, in actions on contract, and with the assent of the court in other actions, in the manner following:

"(1) By failing to appear at the trial.

"(2) By written consent, in person or by attorney, filed with the clerk.

"(3) By oral consent in open court, entered in the minutes."

The following cases have held the means provided by the statute to be exclusive: *Wilkes v. Cornelius,* 21 Or 341, 345, 23 P 473 (1890); *Puffer v. American Ins. Co.,* 48 Or 475, 478, 87 P 523 (1906); *Branch v. McCormick's Estate,* 72 Or 608, 611, 624, 143 P 915, 144 P 425 (1914).

While we are not prepared to say that in a proper case we would not want to re-examine the rule laid down by these cases, there is no necessity for it here. No factual issues had been presented to the trial court prior to plaintiff's request for a jury. No inconvenience or disability would have been incurred had a jury been empaneled at the commencement of the second court session when it became apparent that it would be necessary to decide the factual question of Mrs. Reed's status.

The plaintiff was subrogated to the rights of Idaho Lease and Rental and the garnishee is in the position of the defendant Ketchen. The garnishee therefore contends that plaintiff is collaterally estopped from questioning any factual determination which was essential to Mrs. Reed's judgment in the prior action. It argues that her status as an employee of the defendant Ketchen was essential to her judgment against Ketchen and Idaho Lease and Rental. It contends that she would have been a guest within the contemplation of the guest statute, ORS 30.115, had she not been an employee. Even if the doctrine of collateral estoppel is applicable as between co-defendants in this factual situation, the garnishee's position is not well taken. A determination that Mrs. Reed was an employee was not essential to avoid

application of the guest statute and to obtain a judgment against Ketchen. The recent case of *Getchell v. Reilly*, 242 Or 263, 409 P2d 327 (1965), determined that a passenger who was other than an employee could, in a proper case, recover against the driver.

■ Because the cause must be reversed and sent back for a new trial with a jury, it is proper that we express our opinion of the meaning of the words "any employee" as used in the exclusionary language of the garnishee's policy which was issued to the defendant Ketchen. We hold, as the trial court did, that it means any kind of an employee, regardless of classification. It encompasses all kinds of employees. It is not an ambiguous term and covers a special or casual employee as well as a regular one. *Spencer v. Travelers Ins. Co.*, 133 SE2d 735 (W Va 1963); *Griffin v. Speidel*, 167 So2d 882 (Fla App 1964); *National Union Indem. Co. v. Miniard*, 310 SW2d 793 (Ky 1958). In *Pennsylvania Cas. Co. v. Elkins*, 70 F Supp 155, 158 (E D Ky 1947), the court succinctly stated:

> "The adjective 'any,' in effect, is equivalent to *every*. It serves to enlarge the scope of the phrase 'any employee,' as used in the exclusion clause of the policy, so as to clearly negative the idea that it was used in a restrictive sense. It precludes limiting the application of the phrase to a particular kind of employee. * * *"

This court has also held that the adjective " 'any' is an adequate term with which to express the idea of 'every' * * *." *Pugsley v. Smyth*, 98 Or 448, 478, 194 P 686 (1921); *Reed v. Reed*, 215 Or 91, 96, 332 P2d 1049 (1958). If the jury finds that Mrs. Reed was employed by Ketchen in any capacity at the time of the accident, Ketchen was not covered by the policy.

Reversed and remanded for a new trial.