Argued January 31, affirmed February 14, 1928.

## BANK OF BEAVERTON *v.* ANNETTE GODWIN
### ET AL.

(264 Pac. 356.)

**Courts—Court Rule is Invalid in so Far as It Conflicts With Statute.**

1. Any rule of court conflicting with statutory or fundamental law is invalid in so far as it conflicts.

**Courts—Court Rule, Limiting Court's Discretion in Granting Extensions of Time for Filing Pleadings, Held Invalid Because Conflicting With Statute (Circuit Court Rule 4; Or. L., § 103).**

2. Circuit Court Rule 4, providing that time for certain pleadings shall not be extended for a longer period than ten days after expiration of time fixed by statute, *held* invalid, because in conflict with Section 103, Or. L., providing that court may in its discretion allow answer or reply after time limited by Code, and

---

1. Contravention of common law or statute by rules of court, see note in 19 Ann. Cas. 801. See, also, 7 R. C. L. 1024. Limitations on court's power to prescribe rules, see note in 41 Am. St. Rep. 641. See, also, 7 R. C. L. 1024.

hence denying motion to strike reply not filed within ten days of time fixed by Section 81, Or. L., and for judgment under Sections 79, 95, Or. L., on counterclaim, was not error.

Courts, 15 C. J., p. 907, n. 85, p. 909, n. 5, 7, 11.
Pleading, 31 Cyc., p. 247, n. 18.

From Washington: GEORGE R. BAGLEY, Judge.

Department 2.

This appeal involves the right of the Circuit Court to disregard a rule of procedure prescribed by its own authority, the refusal to follow the rule being predicated upon a statute of this state.

Among the pertinent facts in the case, we set down the following:

On March 11, 1925, the plaintiff filed an action in the Circuit Court of the State of Oregon, for Washington County, for the collection of a promissory note. From time to time the defendants sought, and received, an extension of time to answer, and thereby delayed the trial of the case. Finally, on August 8, 1925, they filed their amended answer setting forth an affirmative statement of new matter, and demanded judgment against plaintiff for $845 upon a counterclaim. On September 21, 1925, and while the July term of court was yet in session, the plaintiff filed a reply traversing the new matter contained in the amended answer, whereupon defendants moved the court for an order striking the reply from the files, and for a judgment on the pleadings in the amount of their counterclaim. The motion was denied, and defendants appeal.        AFFIRMED.

For appellants there was a brief over the names of *Mr. Harry G. Hoy* and *Mr. M. B. Bump,* with an oral argument by *Mr. Bump.*

For respondent there was a brief over the name of *Messrs. Hare, McAlear & Peters,* with an oral argument by *Mr. William G. Hare.*

BROWN, J.—The defendants base their contention upon a rule of court which had theretofore been adopted by the Circuit Court of Washington County, and which, if valid, was in force and effect at the time the proceeding under review was had. That rule reads:

"Rule 4. Time for answer or reply or for filing demurrers or motions or amended pleadings shall not be extended for a longer period than ten days after expiration of the time fixed by statute, and the court will not recognize any stipulation of counsel extending such time beyond such limit unless the sanction of the court is obtained prior to the expiration of the time fixed by law."

In order to comply with the provisions of Section 81, Or. L., the reply in the case at bar should have been filed within one day after the filing of the answer. Section 79, Or. L., provides that, in the absence of a reply to the new matter constituting a defense or counterclaim, "the defendant may move the court for such judgment as he is entitled to on the pleadings." Section 95 thereof provides that every material allegation in the complaint or answer that is not controverted "shall, for the purpose of the action, be taken as true."

If Rule 4 quoted above is a valid regulation, the Circuit Court erred in denying the motion to strike, because more than ten days had elapsed after expiration of the time fixed by statute and by the court for filing such reply.

In the case of *Oxman* v. *Baker County,* 115 Or. 436 (234 Pac. 799, 236 Pac. 1040), this court held that, within the compass of their authority, and so far as they do not contravene the provisions of the Constitution or statutes, court rules have the effect of law and are binding alike upon courts and litigants. See, also, *Coyote G. & S. M. Co.* v. *Ruble,* 9 Or. 121; *Schnitzer* v. *Stein,* 96 Or. 343 (189 Pac. 984); *Bratt* v. *State Industrial Acc. Com.,* 114 Or. 644 (236 Pac. 478); *Ptack* v. *Strong,* 121 Or. 688 (257 Pac. 19). However, under the authorities above cited and the cases hereinafter noted, any rule of court that conflicts with either the statutory or the fundamental law is invalid in so far as it contravenes such law.

Section 103, Or. L., vests in the court a discretion to allow the filing of a reply "after the time limited by this Code." So far as applicable to this proceeding, that section reads:

"The court may likewise, in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited by this Code."

That statute further provides for relief from judgments taken against one through "his mistake, inadvertence, surprise, or excusable neglect." This provision, however, has no application to the case at bar.

It is a firmly settled principle of jurisprudence that the rules of practice adopted by a court must accord with the statutory and organic law of the jurisdiction. Under the provisions of Section 103, Or. L., a discretion is vested in the court; and, applying the foregoing principle, it follows that a rule of court which prohibits the exercise of that discretion is invalid, and cannot be enforced: 18 Am. & Eng. Ency. of Pl. & Pr., pp. 1239, 1240; 6 Stand. Ency. of Proced.,

pp. 54–60. See notes, 41 Am. St. Rep. 634; 19 Ann. Cas. 799; Ann. Cas. 1914B, 1185.

1, 2. In the case of *Washington-Southern Nav. Co.* v. *Baltimore etc. Steamship Co.*, 263 U. S. 629 (68 L. Ed. 480, 44 Sup. Ct. Rep. 220, see, also, Rose's U. S. Notes), it was held to be the function of court rules to facilitate the transaction of the business of a court, but that no rule of court could modify or abrogate substantive law.

The supremacy of the provisions of Section 103, Or. L., over the court rule in question cannot be doubted.

This case is affirmed.          AFFIRMED.

RAND, C. J., and COSHOW and BELT, JJ., concur.