Argued at Pendleton October 27, affirmed December 2, 1924.

## W. H. BOYD ET AL. *v.* W. A. BOYD ET AL.

(230 Pac. 541.)

**Guardian and Ward—Insane Persons—Contract Conveying Interest of Incompetent Sister and Minor Brothers in Land Without Authority of County Court Void.**

1. Contract by guardian of incompetent and minor wards to convey realty jointly owned by him and wards is void where not authorized by county court.

**Contracts—Attempted Land Contract also Agreeing to, Convey Interests of Incompetent and Minor Heirs Without County Court Authority Held Entire and not Separable.**

2. Attempted contract between adults, where one of the parties agreed to convey not only his own interest but interests of his incompetent sister and minor brothers in land without having obtained any authority from County Court for such purpose, being entire and not separable, is not valid *pro tanto* as to party agreeing to convey.

**Contracts—Either Party to Void Executory Contract may Sue to Set It Aside and Recover All Expenditures in Part Performance.**

3. So long as a contract, void as against public policy, remains executory or uncompleted in part, either party may sue to set it aside and to recover all that he has expended or conveyed in part performance thereof.

---

1. Power of guardian or committee to bind incompetent person or his estate by contract, see notes in 8 L. R. A. (N. S.) 436. See, also, 14 R. C. L. 574.

See 13 C. J., pp. 502, 512; 28 C. J., p. 1134; 32 C. J., p. 714.

From Wallowa: J. W. Knowles, Judge.
In Banc.

AFFIRMED.

For appellants there was a brief and oral argument by *Mr. A. W. Schaupp.*

For respondents there was a brief and oral argument by *Mr. A. S. Cooley.*

BURNETT, J.—W. H. Boyd, Sr., was the father of W. H. Boyd, Jr., and John Boyd. The latter died leaving four children, viz., W. A. Boyd, who had passed the age of majority at the beginning of this suit, Ellen Boyd, a feeble-minded incompetent person, and Hubert and Ervine Boyd, both minors. In 1911, the senior Boyd made a will, the substance of which was that, after the payment of his debts and certain specific bequests, he gave his personal property, one half to his then living wife and the other half to the present plaintiff, W. H. Boyd. He then devised his real property, subject to his widow's dower, one half to his son W. H. Boyd, plaintiff herein, and the other half to the children of his deceased son John Boyd, who are defendants in this suit. On April 16, 1921, after the death of his wife, the senior Boyd conveyed to his son, W. H. Boyd, a tract of improved land containing 297.58 acres, and to the four individual defendants another tract containing 520 acres, which is mentioned in the testimony as pasture lands. After the execution and recording of these deeds, which it is said was done without the knowledge of the defendants, the senior Boyd died. The mother of the defendants was dissatisfied with the disposition of the old man's estate as affected by these two deeds, and was threatening suit on behalf

of her children to set them aside. At this juncture the plaintiff W. H. Boyd on one hand and the defendant W. A. Boyd, then above the age of majority, who operated for himself and as guardian of his feeble-minded sister and his two minor brothers, on the other, made a contract to the effect that the plaintiff W. H. Boyd would convey to the four defendants 132.58 acres of the land conveyed to him by his father in consideration of which W. A. Boyd, individually and as guardian of the other three defendants would convey to the plaintiff W. H. Boyd the 520 acres conveyed to them by their grandfather as stated, or, in the language of the contract,

"in case said 520 acres were not transferred, the said Albert Boyd or W. A. Boyd will execute a mortgage to said second parties (meaning the plaintiff and his wife) to secure a note for the sum of $7500.00, it being optional as to which of the foregoing propositions is accepted by the said first parties, (meaning the children of John Boyd deceased, defendants herein), said note and mortgage shall bear interest at the rate of 6 per cent per annum and shall be payable on or before ten years after date."

In part performance and in pursuance of this agreement the plaintiff, W. H. Boyd and his wife, conveyed the 132.58 acres to the defendants, but the defendants have not performed the counterpart of the agreement mentioned, either by conveying the 520 acres or by executing the mortgage mentioned. In passing it is well to note that it is not stated what realty or personalty shall be included in the mortgage.

Asserting that the defendants have not performed their part of the agreement; that the same is void and that they are about to dispose of the 132.58 acres, the plaintiffs sue to cancel the deed by which they conveyed that tract to the defendants. Mention

is also made in the pleadings of a deed whereby the defendant, W. A. Boyd, had conveyed to the plaintiff an undivided one fourth of the 520 acres. Tender by deed is made of a return to W. A. Boyd of the interest in the 520 acres which he thus attempted to convey to the plaintiff. Substantially, the facts are without dispute. Principally, the questions are those of law.

1. We have, for consideration, an attempted contract whereby an adult contracts with another adult who claims not only to represent himself but his incompetent sister and minor brothers, whereby the latter agrees in advance to convey the realty of his wards without having obtained any authority from the County Court for that purpose. That such an agreement is void as against public policy is settled by the exhaustive opinion of Mr. Justice McBride in *Kirk* v. *Mullen,* 100 Or. 563 (197 Pac. 300), Guardians cannot assume to dispose of the realty of their wards, or to make an agreement for that purpose in advance of authority conferred upon them by the County Court. The public policy of this state as enunciated in its Constitution and statutes is to make the County Court the special curator of the interests of minors and incompetent adults, and nothing can be done with their realty without the prior approval of that tribunal, made upon a proper showing.

2. One contention of the adult defendant, W. A. Boyd, is that as he was acting for himself, the agreement is valid *pro tanto* and cannot be overturned because of its invalidity so far as it concerns the other defendants. If he had made a separate individual covenant and the contract had been so accepted by the plaintiffs there might be something in his contention. The contract, however, is entire. It is

plainly not its intention to deal separately with each defendant. The manifest design of the agreement was to adjust the whole matter as it was practically so declared in the document, and to transfer the entire estate in the 520 acres in exchange for the entire estate in the 132.58 acres. In other words, the contract, being entire according to its declaration, and according to the manifest intention of the parties it must be so treated in adjudicating the rights of the parties.

3. The agreement being void as against public policy, it is competent, so long as it remains executory, or, in other words, uncompleted in part, for either party to sue to set it aside and to recover all that he has expended or conveyed in part performance thereof: *Leadbetter* v. *Hawley,* 59 Or. 422 (117 Pac. 289, 505).

The Circuit Court was right in its decision to restore the parties to the situation they occupied before the contract was made, canceling the deed made by the plaintiffs conveying to the defendants the 132.58 acres of land, and restoring to the defendant W. A. Boyd the undivided one-fourth interest in the 520 acres which he attempted to convey to the plaintiff W. H. Boyd. The decree of the Circuit Court is therefore affirmed and the plaintiffs will recover their costs and disbursements in this court, but neither party will recover from the other any costs or disbursements in the Circuit Court.

AFFIRMED.