Argued January 19, reversed and remanded for entry
of an order consistent with this opinion March 19,
reconsideration denied April 24, petition for review
allowed May 22, 1979, 286 Or 449.

In the Matter of the Question in
Controversy between John W. Bussman, M.D.,
and Shannon Hansen, a minor,
by and through her conservator,
Sandra L. Hansen,

HANSEN, *Appellant,*
*v.*
BUSSMAN, *Respondent.*
(No. A7704-06141, CA 11053)

592 P2d 239

Richard P. Noble, Portland, argued the cause for appellant. With him on the briefs were R. Ladd Lonnquist and Noble & Lonnquist, Portland.

Garr M. King, Portland, argued the cause for respondent. With him on the brief were Allen Reel and Kennedy, King & McClurg, Portland.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

TANZER, J.

**TANZER, J.**

The parties, a physician and a minor child acting through her conservator, submitted this controversy without action or suit pursuant to ORS chapter 27, seeking a determination of whether a settlement agreement in a personal injury case is enforceable. The circuit court found for the physician, *i.e.,* that the agreement is enforceable, and it ordered the judgment satisfied. The child appeals. The facts are undisputed.

The underlying personal injury action was brought on behalf of the minor child by her conservator against the physician for medical malpractice. In December, 1974, the minor obtained a judgment of $500,000. The physician appealed to the Supreme Court, which heard oral argument on the case in February, 1976. While the case was under consideration by the Supreme Court, the parties negotiated a settlement agreement. By letter of April 16, 1976, the minor's attorney offered to enter into an agreement whereby the physician would pay the minor $450,000 if the Supreme Court affirmed the judgment and $250,000 if the court reversed it. Through his attorney, the physician accepted this offer by letter on April 27, 1976. On the next day, Wednesday, April 28, the conservator met with the judge of the Probate Department, who indicated tentatively that he would approve the settlement if the conservator filed a petition for authority to settle the claim and the parents requested approval at a court appearance. The parents arrived in Portland too late to appear in court that day and the conservator was scheduled to be out of town on the following day (Thursday), so he and the parents planned to appear in probate court on Friday, April 30. However, on Thursday, April 29, the Supreme Court affirmed the judgment against the physician, *Hansen v. Bussman,* 274 Or 757, 549 P2d 1265 (1976).[1] Including interest, the judgment amounted to approximately $550,000.

---

[1] The physician does not contend that the conservator intentionally or unreasonably delayed submission of the settlement agreement to the

After the Supreme Court affirmed the judgment, the conservator concluded that the settlement was no longer in the child's best interests and therefore did not submit it to the probate court for approval. On May 10, 1976, the probate judge held a hearing to make a record of the parties' positions regarding the agreement. He declined to approve the settlement because the conservator and the parents did not submit it for approval. Thereafter, the physician paid $450,000 to the conservator acting for the minor, with both parties reserving the right to assert their respective positions regarding the settlement.

The parties agree that the settlement agreement was fair and reasonable at the time it was made on April 27, 1976. They also agree that at the time of the agreement, both parties contemplated that the conservator and parents would petition the probate court for approval of the settlement. The legal effect of that contemplation is in dispute.

The court concluded that approval by the probate court was a condition precedent to either party becoming liable on the agreement. It also concluded that the exchange of letters between the parties' attorneys created a valid binding contract which obligated the conservator to petition the probate court for approval of the settlement. Finally, the circuit court's order provided that the judgment against the physician had been fully satisfied by his payment of $450,000. For the reasons which follow, we reverse.

■■■ From the exchange of letters which constitute the settlement agreement, it is not apparent whether the

---

probate court until the ■■■■■■ Supreme Court issued its decision. We recognize that a conservator might employ such a tactic to protect the child's interest from either result in the Supreme Court: that is, if the Court affirmed the judgment, he would avoid the detriment of the agreement because it would no longer be in the minor's interests, while if the Court reversed the judgment, the $250,000 settlement would benefit the minor and presumably would be approved. Because there is no contention that the conservator attempted to use such a tactic, we have no reason to consider what remedies would be available to the physician in such a case.

parties intended liability on the agreement to be contingent on approval by the probate court. Where, as here, the parties' intent is ambiguous, extrinsic evidence is admissible and the interpretation of the contract becomes a question for the trier of fact. *Evenson Masonry, Inc. v. Eldred,* 273 Or 770, 772, 543 P2d 663 (1975); *Hekker v. Sabre Construction Co.,* 265 Or 552, 555, 510 P2d 347 (1973). Here, the stipulated facts show that the parties contemplated obtaining the probate court's approval of the settlement and that the conservator took steps to obtain approval as soon as possible.[2] This evidence supports an inference that the parties intended that approval by the probate court was a condition precedent to liability on the agreement, and we adopt the circuit court's finding to that effect. *Evenson Masonry,* 273 Or at 772. It also supports the conclusion that the conservator was obligated to seek probate court approval.

The next part of the order, however, that the judgment is satisfied, does not follow from the preceding findings or the record. Had the conservator presented the agreement to the probate court, there is no reason to conclude that the probate court would have approved it.

The primary responsibility of a probate court in a proceeding to secure approval of the settlement agreement is to protect the best interests of the minor child. A meaningful exercise of that responsibility requires the probate court to make its determination on the basis of circumstances at the time approval is sought.

---

[2] Probate court approval was not required by law. ORS 126.313(19) authorizes a conservator to settle a claim without court authorization or confirmation. A court rule, whose effect is disputed by the parties, was promulgated prior to the statutory amendment dispensing with the requirement of court approval. It sets out procedures for obtaining approval, but it does not express a requirement that conservators obtain court approval of settlements. It is not apparent from the record whether the parties misunderstood the requirements of the law, whether they desired an authoritative sanction for their arrangement, or whether they had some other reason for seeking probate court approval. Whatever their reason, however, it is clear that they contemplated that probate court approval was a prerequisite for liability under this agreement.

[291]

Although the settlement was fair and reasonable at the time it was made on April 27, a settlement for $450,000 was probably no longer in the minor's best interests after the Supreme Court affirmed the judgment worth approximately $550,000 on April 29. We cannot conclude as a matter of law that a probate court would have approved the settlement if it had been submitted for approval at the earliest time both the conservator and the parents could have appeared in court. Because approval by the probate court was a condition (regardless of whether precedent or subsequent) of the contract, and because that condition was not fulfilled, the settlement agreement reducing the physician's liability was ineffective to satisfy the judgment. Therefore the portion of the order satisfying the judgment must be deleted.

Reversed and remanded for entry of an order consistent with this opinion.