ALVAREZ,
*Appellant,*

*v.*

SALVATION ARMY et al,
*Respondents.*

(A8105-02829; CA A38406)

747 P2d 379

Graham Walker, Portland, argued the cause for appellant. With him on the briefs was Harvey Karlin, Portland.

I. Franklin Hunsaker, Portland, argued the cause for respondent The Salvation Army. With him on the brief were David R. Foster and Bullivant, Houser, Bailey, Hanna, Pendergrass, Hoffman, O'Connell & Goyak, Portland.

Claudia M. Larkins, Portland, argued the cause for respondent Porter Equipment Co. With her on the brief was Ragen, Roberts, Tremaine, Krieger, Schmeer, O'Scannlain & Neill, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

**NEWMAN, J.**

Plaintiff appeals a summary judgment for both defendants in her action for personal injuries. We affirm.

In July, 1979, plaintiff, then age 12, attended a summer camp that The Salvation Army (Army) sponsored. She sustained injuries to her ankle and foot when a merry-go-round collapsed. Porter Equipment Co. (Porter) had manufactured and sold it to Army. In May, 1981, the court appointed plaintiff's mother (Roberts) as guardian *ad litem*. She filed this action as guardian against Army. Plaintiff, who then was over 14 years of age, did not apply for or consent to the appointment of Roberts as her guardian.

In May, 1982, Army and Porter[1] offered $24,000 in full settlement of all of plaintiff's claims. On June 2, the court approved the settlement. On June 11, Roberts, as guardian, executed a release of all of plaintiff's claims against Army and Porter "for the sole consideration of the sum of twenty-four thousand dollars ($24,000) paid to [the guardian] by or on behalf of [Army] and [Porter]." As guardian, she received checks totalling $24,000, which she endorsed and deposited in her attorney's trust account. On June 21, the court entered a stipulated order that dismissed the action against Army with prejudice.

Roberts, as guardian and natural parent of plaintiff, petitioned the court to appoint her conservator for the minor, "because Tina * * * cannot manage her property effectively without assistance due to her minority and lack of business experience." The petition recited that the property of the minor "consists of $24,000 recovered in settlement of a personal injury claim filed on her behalf by her guardian ad litem." In July, 1982, the court appointed Roberts as conservator.

As conservator, Roberts received the $24,000 from the trust account of the attorney and disbursed it on behalf of the minor. In May, 1983, Roberts resigned, and the court appointed a new conservator, Fox. In July, 1983, plaintiff, through Fox, moved to set aside the judgment that dismissed

---

[1] Plaintiff had not named Porter as a defendant in her action at that time, but Porter participated in the settlement.

the action against Army on the ground that Roberts' appointment as guardian *ad litem* was invalid and, accordingly, that she had no authority to enter into the settlement agreement. Although the record does not contain an order granting the motion to set aside the judgment, Army concedes that it was granted in October, 1984. In January, 1985, Army stipulated that plaintiff could file an amended complaint. In June, 1985, plaintiff filed a second amended complaint which, for the first time, named Porter as a defendant.

Defendants concede that Roberts, as guardian *ad litem,* had no power to make the settlement, because plaintiff did not apply for or consent to Roberts' appointment. ORCP 27A.[2] Army moved for summary judgment, however, on the ground that Roberts, as duly appointed conservator, had either accepted or ratified the settlement. Porter later moved for summary judgment on the same ground and also on the ground that ORS 30.905(1), the statute of ultimate repose, bars plaintiff's claim. The court granted the motions and entered judgment in favor of both defendants.

Plaintiff argues that Roberts, as conservator, did not make, and could not ratify, the settlement. Defendants respond that Roberts could do so under ORS 126.313, which provides in part:

> "A conservator, acting reasonably in efforts to accomplish the purpose for which the conservator was appointed, may act without court authorization or confirmation, to:

> "* * * * *

> "(19) Pay or contest any claim, to settle a claim by or against the estate or the protected person by compromise, arbitration, or otherwise, and to release, in whole or in part,

---

[2] ORCP 27A provides, in part:

"When a minor, who has a conservator of such minor's estate or a guardian, is a party to any action, such minor shall appear by the conservator or guardian as may be appropriate or, if the court so orders, by a guardian ad litem appointed by the court in which the action is brought. If the minor does not have a conservator of such minor's estate or a guardian, the minor shall appear by a guardian ad litem appointed by the court. The court shall appoint some suitable person to act as guardian ad litem:

"(1) When the minor is plaintiff, upon application of the minor, if the minor is 14 years of age or older, or upon application of a relative or friend of the minor if the minor is under 14 years of age."

any claim belonging to the estate to the extent that the claim is uncollectible."

Defendants assert that Roberts, as conservator, settled the claim when, as conservator, she received and exercised control over the $24,000. We agree.

As conservator, Roberts had statutory authority to settle the claim on behalf of plaintiff as the protected person without court authorization or confirmation. ORS 126.313(19); *see also Hansen v. Bussman,* 287 Or 527, 533, 601 P2d 794 (1979). There is no genuine issue of fact. When Roberts, as conservator, received and disbursed the $24,000, she knew that defendants had paid the funds in settlement of plaintiff's claim and she intended to act pursuant to that settlement. By doing so, as conservator, she settled the claim of the minor within the meaning of ORS 126.313(19). Accordingly, the court did not err in granting summary judgment in favor of both defendants.[3]

Affirmed.

---

[3] Because of our disposition of the case, it is not necessary to discuss plaintiff's assignment of error that the court should not have granted summary judgment in favor of Porter on the separate ground that the Statute of Limitations had run or to consider plaintiff's argument that there are genuine issues of material fact whether Porter waived or is estopped to rely on the Statute of Limitations.