Argued and submitted November 27, 2002, reversed and remanded with
instructions March 6, 2003

In the Matter of
the Joan Edmunds Living Trust.

Andre Allen EDMUNDS,
*Appellant,*

*v.*

Tina Marie EDMUNDS,
*Respondent.*

0107-91176; A117496

64 P3d 1189

Joel S. DeVore argued the cause for appellant. With him on the briefs was Luvaas, Cobb, Richards & Fraser, P.C.

Paul G. Dodds argued the cause for respondent. With him on the brief was Brownstein, Rask, Sweeney, Kerr, Grim, DeSylvia & Hay, LLP.

Before Edmonds, Presiding Judge, and Kistler and Schuman, Judges.

EDMONDS, P. J.

**EDMONDS, P. J.**

Petitioner appeals a judgment dismissing his petition to remove respondent as trustee of a trust established by the parties' deceased mother. Both parties are beneficiaries of the trust. The issue is whether a clause in an arbitration agreement that required petitioner to file an arbitration petition within 30 days was enforceable after respondent failed to comply with certain time provisions in the agreement. We reverse.

The relevant facts are undisputed. In July 2001, petitioner filed a petition in probate court seeking to remove respondent as trustee, require an accounting, deny compensation to respondent as trustee, and surcharge her for claimed irregularities in the administration of the trust. On July 28, 2001, the parties, along with their attorneys, met and agreed to submit their disputes to arbitration. To that end, they signed an agreement that provided, among other things:

"A. Within three (3) days after the date of this Agreement, Respondent shall provide Petitioner with the names of three (3) proposed arbitrators, in writing. Within three (3) days after his receipt of such names from Respondent, Petitioner shall give Respondent written notice of his acceptance of one (1) of Respondent's arbitrators, or provide Respondent with the names of three (3) other proposed arbitrators, in writing. Within three (3) days after her receipt of such names from Petitioner, Respondent shall give Petitioner written notice of her acceptance of one (1) of Petitioner's proposed arbitrators, or of her rejection of all of the proposed arbitrators. *If the parties fail to select an arbitrator after the expiration of that process, then they shall petition the Presiding Judge of the Multnomah County Court to select the arbitrator.*

"B. Petitioner shall file and serve his arbitration petition within thirty (30) days after the date of this Agreement. Respondent shall file and serve her response to the petition within fifteen (15) days thereafter. The parties shall share the costs of the arbitrator, subject to the decision of the arbitrator."

(Emphasis added.) The agreement contains a handwritten asterisk next to subsection B of the above quoted provision. A corresponding asterisk at the bottom of the page accompanies a handwritten provision that states:

"If Petitioner fails to file his arbitration petition within 30 days after the date of this Agreement, then the Proceeding shall be dismissed with prejudice."

Pursuant to the agreement, the parties filed a stipulated order of dismissal of petitioner's petition that was subsequently signed by the trial court. The order dismissed the petition without prejudice. However, no judgment of dismissal was entered at that time.

On August 2 (five days after the agreement was signed), respondent submitted to petitioner, in writing, the names of three proposed arbitrators. Five days later (on August 7), petitioner responded with a written rejection of the arbitrators proposed by respondent. Instead, petitioner proposed three other arbitrators. On August 21, not having received from respondent an acceptance or a rejection of the proposed arbitrators during the intervening time period, petitioner's attorney contacted respondent's attorney. They talked about the proposed arbitrators but reached no agreement. After having received no acceptance or rejection of the list of proposed arbitrators after the August 21 conversation, petitioner's attorney sent a follow-up letter to respondent's counsel along with a copy of the arbitration petition on August 29 (32 days after the agreement was signed). The letter stated, in part:

"I am ready to file the petition with the arbitrator, but I cannot do so until we select an arbitrator. Please contact me to discuss this matter, so that we can select an arbitrator without going to the court to have one appointed for the parties."

However, respondent did not reply.

In October 2001, petitioner filed a motion in the trial court to compel arbitration and to appoint an arbitrator or, alternatively, to reinstate his petition. Respondent objected:

"Petitioner had thirty days in which to file an arbitration petition, or the proceeding in Multnomah County Circuit

Court would be dismissed with prejudice. The Petitioner failed to file the arbitration petition on or before August 27, 2001, and did not pursue the request of an extension of time from Respondent."

The trial court enforced the 30-day provision of the arbitration agreement and therefore denied petitioner's motions. A judgment was entered thereafter dismissing the petition with prejudice.

 Petitioner appeals, arguing that the trial court erred in denying his motion. He reasons that, because respondent both failed to abide by the time provisions of the agreement and failed to respond to his list of proposed arbitrators, she is not entitled to insist on strict compliance with the 30-day time limit. Respondent counters that, when she failed to respond to petitioner's list of proposed arbitrators within the three days provided for in the contract, it was incumbent on petitioner to "petition the court for appointment of an arbitrator." Specifically, she states:

"[Respondent] did not breach the Agreement by failing to respond; the lack of a response within three days simply meant that [petitioner] needed to move to the next agreed-upon step, *i.e.*, petitioning the court for appointment of an arbitrator. Because [respondent] did not breach the Agreement, there is no breach to excuse [petitioner's] performance."

We are not persuaded by respondent's argument. In construing the meaning of a contract provision, we examine the text of the disputed provision in the context of the document as a whole and, if we find the provision unambiguous, we interpret it as a matter of law. *Yogman v. Parrott*, 325 Or 358, 361, 937 P2d 1019 (1997). The relevant provisions of the parties' arbitration agreement are unambiguous. First, the agreement sets forth a detailed procedure under which the parties were to submit names of proposed arbitrators and each agreed to accept or reject those proposals. It was only after the exchange of names of potential arbitrators that the obligation to seek judicial appointment of an arbitrator would arise:

"If the parties fail to select an arbitrator *after the expiration of that process*, then they shall petition the Presiding

Judge of the Multnomah County Court to select an arbitrator."

(Emphasis added.) The handwritten clause requires that the process be completed within 30 days from the date of the agreement, but it does not, by its terms, permit respondent to fail to engage in the process. Rather, under the express terms of the agreement, petitioner was entitled to notice of respondent's acceptance or rejection of his proposed arbitrators before seeking court intervention. The process contemplated by the agreement did not occur because petitioner never received a rejection from respondent of the arbitrators that he proposed. Thus, petitioner's obligation to petition the court for appointment of an arbitrator was never triggered because of respondent's prior breach of the agreement.

■■ In any event, petitioner's motion to compel arbitration under ORS 36.310 requests in essence the specific performance of the arbitrators agreement. That request seeks an equitable remedy. *Cf. also* ORS 36.305.[1] It is fundamental that " '[a]n equitable remedy should not be used to accomplish an inequitable result.' " *Gangnes v. Lang*, 104 Or App 135, 138, 799 P2d 670 (1990) (quoting *MacNab v. Fireman's Fund Ins. Co.*, 243 Or 267, 272, 413 P2d 413 (1966)). Here, respondent failed to abide by the terms of the agreement by failing initially to submit her list of proposed arbitrators within the time limit provided and by failing to respond to petitioner's proposal within the time limit provided (or at any time for that matter). Her failure was at least part of the reason that petitioner did not file his petition with an arbitrator within 30 days (*i.e.*, no arbitrator was available within that time with whom a filing could be made). Because of respondent's failure, it would be inequitable to allow her to strictly enforce against petitioner the agreement's 30-day time limit for filing the arbitration petition.

---

[1] ORS 36.305 provides:

"A provision in any written contract to settle by arbitration a controversy thereafter arising out of such contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between persons to submit to arbitration any controversy then existing between them, shall, provided the arbitration is held within the state of Oregon, be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."

■ In conclusion,

> "[h]e who would insist on strict performance must himself not be the cause of the breach. His own wrong can never operate under the sanction of law to his advantage, nor to the injury of another."

*Clarno v. Grayson*, 30 Or 111, 127, 46 P 426 (1896). Put another way, "a party to a contract cannot take advantage of his own failure to perform." *Alk v. Lanini*, 61 Or App 158, 162, 656 P2d 367 (1982), *rev den*, 294 Or 613 (1983) (citing *Hanson v. Bussman*, 287 Or 527, 534, 601 P2d 794 (1979)). As we have stated previously, " 'he who seeks equity must do equity.' " *Crain v. Siegel*, 151 Or App 567, 574, 950 P2d 382 (1997) (quoting *Gilmore v. Gilmore*, 7 Or 374, 376 (1879)). In light of respondent's conduct in this case, we conclude that it would be inequitable to permit her to enforce the 30-day time limit.

Reversed and remanded with instructions to reinstate petitioner's petition for removal of trustee.